

Kevin A. Fritz
*Partner*
kaf@msf-law.com
Direct: (212) 655-3570

August 22, 2025

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Blake Lively v. The Skyline Agency, et al.,* Case No. 1:25-mc-00347-LJL

Dear Judge Liman:

Movant Blake Lively ("Lively") seeks to compel production of a Signal communication thread from early 2025 relating to the development of a public facing informational website because she believes such communications are relevant to an alleged "Retaliation Campaign" against her.[1]

The website, thelawsuitinfo.com (the "Website"), consists solely of a landing page with the header "Lawsuit Info" and two links. One link allows a user to download the publicly filed First Amended Complaint in *Wayfarer Studios, LLC, et al. v. Lively, et. al.*, S.D.N.Y. Case No. 25-cv-00449-LJL. The other link allows a user to download the publicly filed Exhibit A to that complaint. No other content appears on the website. A screenshot of the entirety of thelawsuitinfo.com is included below:

---

[1] The participants on the Signal thread were Roza Kalantari, principal of Skyline Agency, LLC (collectively, "Skyline"), certain named defendants in *Blake Lively v. Wayfarer Studios LLC, et al.,* Case No. 1:24-cv-10049-LJL ("Lively Action") including Jamey Health, Melissa Nathan, and Jed Wallace, Mitz Toskovic, a Wayfarer Studio, LLC officer and employee, employees of defendant The Agency Group, LLC including Rylie Long, Dervla McNiece, Breanna Koslow, Michael Lawrence, and Alyx Sealy, Wayfarer lawyer Mitra Ahouraian, and members of the law firm Liner Freedman Taitelman + Cooley LLP ("LFTC").



Thus, the Website simply provides access to two publicly filed documents in the Lively Action. Nevertheless, Lively argues that she is entitled to the Signal thread related to the Website even if it included counsel. Lively is mistaken because (1) she has not shown the communications are relevant to her claims or that (2) they fall outside the scope of the attorney client privilege.

"The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Cohen v. Grp. Health Inc.*, No. 22MC0200PAEKHP, 2022 WL 4534552, at *2 (S.D.N.Y. Sept. 28, 2022).

Lively has not met her initial burden to show relevance.[2] The Website does not provide any information beyond publicly filed documents. Its contents do not support Lively's claims as a matter of law. *Sheindlin v. Brady*, 597 F. Supp. 3d 607, 629 (S.D.N.Y. 2022) (discussing litigation privilege). Lively does not explain how communications regarding a bare bones website could be relevant to any of her claims or lead to the discovery of admissible evidence.

Even if Lively could meet her burden to show relevance, the communications are privileged. "'The attorney-client privilege protects confidential communications from clients to their attorneys made for the purpose of securing legal advice or services'. Advice from an attorney to his or her client is also protected by the privilege." *Nat'l Day Laborer Org. Network v. U.S. Immigr. & Customs Enf't Agency*, 811 F. Supp. 2d 713, 736 (S.D.N.Y. 2011), *amended on reconsideration* (Aug. 8, 2011).

The communications at issue were made for the purpose of obtaining legal advice regarding the content to be placed on the Website. The participants on the Signal chain were involved in preparing the content that they contemplated placing on the Website, and in the Signal thread they

---

[2] In fact, Livley's motion does not discuss relevance at all, jumping straight to her incorrect argument that the communication is not privileged. Because there is no relevance to Lively's claims, her motion should be seen for what it is – a thinly veiled effort to pierce the attorney-client privilege.

sought and received legal advice regarding legal ramifications in doing so. Indeed, Lively now apparently claims that the Website constitutes part of the "Retaliation Campaign" alleged in the Lively Action, evidencing the prudence and necessity for seeking and obtaining legal advice. Thus, these communications are privileged.

Lively argues that any privilege claim has been waived due to the inclusion of "third parties" on the Signal chain, most notably Ms. Kalantari, asserting without basis that she was not a client of LFTC. However, as explained above, Ms. Kalantari sought, and received, legal advice from counsel on the Signal chain, thus entitling her communications to attorney-client privilege protection. Other "third parties" identified by Lively include employees of TAG and Wayfarer Studios, LLC, which are defendants in the Lively Action. Communications with employees of the defendants are encompassed within the attorney-client privilege. *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 527 (S.D.N.Y. 2015). Finally, defendant Jed Wallace was also included on the Signal thread, and, although he is represented by separate counsel in the Lively Action, his communications remain privileged under the common interest privilege.

"The common interest doctrine 'is an exception to the general rule that voluntary disclosure of confidential, privileged material to a third party waives any applicable privilege.' [citation omitted]. For the 'common interest' doctrine to apply, a party must show that '[ (a) ] the communications were made in the course of a joint defense effort or that the clients share a common legal interest; [ (b) ] the statements were designed to further the common effort; and [ (c) ] the privilege has not been waived.'" *Fox News Network, LLC v. U.S. Dep't of The Treasury*, 739 F. Supp. 2d 515, 563 (S.D.N.Y. 2010).

All parties to the communication, including Skyline and Jed Wallace, had an identical, common interest in legal issues surrounding the posting of information to the Website. As the communications at issue were made for the purpose of securing legal advice among parties with a common legal interest, the attorney-client and common interest privileges apply and Lively is not entitled to discovery of those communications. Therefore, the Court should deny Lively's motion.

Respectfully submitted,

*/s/ Kevin Fritz*

Kevin A. Fritz
**MEISTER SEELIG & FEIN PLLC**

-and-

Ellyn S. Garofalo (*pro hac vice* pending)
**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: egarofalo@lftcllp.com

cc: all counsel of record (via ECF)