# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
:
BLAKE LIVELY,                                                        :
:
                          Plaintiff,    :    1:24-cv-10049 (lead case)
:    1:25-cv-00449 (member
    -v-                                                           :    case)
:    1:25-cv-00779 (related
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                                :    case)
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                            :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                             :
GROUP PR LLC, and JENNIFER ABEL,                                     :
:
                          Defendants.    :
:
---------------------------------------------------------------------X
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                                :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC,                              :
MELISSA NATHAN, JENNIFER ABEL, and STEVE                             :
SAROWITZ,                                                            :
:
                        Plaintiffs,    :
:
    -v-                                                           :
:
BLAKE LIVELY, RYAN REYNOLDS, LESLIE                                  :
SLOANE, VISION PR, INC., and THE NEW YORK                            :
TIMES COMPANY.                                                       :
:
                          Defendants.    X
---------------------------------------------------------------------

## OBJECTIONS TO NOTICE OF SUBPOENA

    Non-party The Skyline Agency LLC files these objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") issued by Ms. Lively in the above-captioned case, pursuant to Fed. R. Civ. P. 45.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Skyline objects to the definitions and instructions to the extent that, by referencing other documents not appended to the subpoena, they seek to impose upon Skyline an obligation to scour third-party documents to understand the scope of the requests. Skyline further objects that by their use of any such definitions, the requests are vague and fail to identify the documents sought with reasonable particularity.

Skyline objects to the definition of "You," "Your" or "Yours" insofar as it seeks to extend the reach of this subpoena to natural persons in their individual capacities or entities that maintain a separate corporate existence from Skyline as an improper effort to avoid the necessity of effecting service on legally distinct respondents.

Skyline objects to instruction number 5 on the ground that it seeks to impose upon Skyline requirements beyond those imposed by the Federal Rules of Civil Procedure (the "Rules").

Skyline objects to instruction numbers 10 and 11 on the ground that they seek to impose upon Skyline requirements beyond those imposed by the Rules. Skyline will produce information required by Rule 26(b)(5)(A)(ii), if appropriate, within 30 days after production of this response.

Skyline objects to instruction 12 on the ground that they seek to impose upon Skyline requirements beyond those imposed by the Rules and is, in effect, an interrogatory to a non-party not subject to that discovery device.

Skyline objects to the "Production of ESI" instructions on the ground that they are unduly burdensome requirements imposed upon a non-party.

**REQUEST FOR PRODUCTION NO. 1:** All Documents and Communications concerning or relating to Ms. Lively, Mr. Reynolds, any Wayfarer Defendant, the Actions, or the Digital Campaign.

**RESPONSE:** Skyline objects that this Request fails to identify the documents sought with reasonable particularity and is vague because by referencing "the Actions," the request would require Skyline to review "the factual allegations or claims contained in" no fewer than five separate lawsuits to which it is not a party. For this same reason, the request is overly broad and unduly burdensome upon Skyline, a non-party. Skyline further objects that to the extent the Request seeks communications with any party to any of the Actions, the documents are more readily available from such party and should not be sought from Skyline, a non-party. Skyline further objects that the request seeks documents subject to the attorney-client and attorney work-product privileges.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications concerning digital services or activity concerning or relating to Ms. Lively, Mr. Reynolds, any Wayfarer Defendant, the Actions, or the Digital Campaign.

**RESPONSE:** Skyline objects that this Request fails to identify the documents sought with reasonable particularity and is vague because by referencing "the Actions," the request would require Skyline to review "the factual allegations or claims contained in" no fewer than five separate lawsuits to which it is not a party. For this same reason, the request is overly broad and unduly burdensome upon Skyline, a non-party. Skyline further objects that to the extent the Request seeks communications with any party to any of the Actions, the documents are more readily available from such party and should not be sought from Skyline, a non-party. Skyline

further objects that the request seeks documents subject to the attorney-client and attorney work-product privileges.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications concerning or relating to www.thelawsuitinfo.com.

**RESPONSE:** Skyline objects to this request on the ground that it is unduly burdensome to the extent the Request seeks communications with any party to any of the Actions, because such documents are more readily available from such party and should not be sought from Skyline, a non-party.  To the extent the request seeks technical documents and code written or formatted to create the website, Skyline objects that the request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Skyline further objects that the request seeks documents subject to the attorney-client and attorney work-product privileges.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications identifying all Person(s) that established, own, operate, or are otherwise associated with www.thelawsuitinfo.com since its inception (regardless of whether or not that Person is designated as the registrant, administrative contact, technical contact, and/or billing contact), including but not limited to the name, full contact information (e.g., physical address(es), email address(es), telephone number(s)), and IP address(es) for each such Person.

**RESPONSE:** Skyline objects to this Request on the ground that it is overly broad and vague in that persons "otherwise associated" with the subject website could include any individual named within any of the publicly filed legal documents posted therein. For the same reason, the

request fails to identify the documents sought with reasonable particularity. Consistent with these objections, Skyline will produce the registration for the domain name www.thelawsuitinfo.com.

**REQUEST FOR PRODUCTION NO. 5:** All contracts, Agreements, understandings, or other arrangements concerning or applicable to the Wayfarer Defendants, the Film, the Actions, or the website www.thelawsuitinfo.com.

**RESPONSE:** Skyline objects that this Request fails to identify the documents sought with reasonable particularity and is vague because by referencing "the Actions," the request would require Skyline to review "the factual allegations or claims contained in" no fewer than five separate lawsuits to which it is not a party. For this same reason, the request is overly broad and unduly burdensome upon Skyline, a non-party. Skyline further objects that the request is vague and overly broad in seeking "understandings or other arrangements," which are undefined. The request, as phrased, is potentially invasive of the attorney-client and attorney work-product privileges, and Skyline objects to the extent the request is intended to reach privileged communications or documents. Skyline interprets this Request as seeking any contract for creation of the website www.thelawsuitinfo.com and, as so understood, states that after a diligent search there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 6:** All invoices, bills, and payment information in connection with www.thelawsuitinfo.com including, but not limited to, the form of any payment (e.g., credit card or banking information) and any bill or invoice related to the original domain registration, any transfer, or additional DNS services.

**RESPONSE:** Skyline objects to this request as overly broad and on the ground that the information sought (and in particular form of payment information) is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Dated: March 28, 2025

Respectfully submitted,

/s/ Linda R. Stahl
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterarnett.com
Nichol M. John
Texas Bar No. 24133309
njohn@carterarnett.com
**CARTER ARNETT PLLC**
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
T: 214-550-8188 | F: 214-550-8185

Brian E. Turnauer, Esq. (CA SBN: 214768)
Texas Bar No. 24145684
Tamar Yeghiayan, Esq. (CA SBN: 298473)
Texas Bar No. 24145685
**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Direct: (310) 201-4282
Facsimile: (310) 201-0045
Email:
   bturnauer@lftcllp.com
   tyeghiayan@lftcllp.com

**ATTORNEYS FOR THE SKYLINE AGENCY LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above document was sent via email to Ms. Lively's counsel of record on March 28, 2025.

Michael J. Gottlieb
mgottlieb@willkie.com

Kristin E. Bender
kbender@willkie.com

Meryl Governski
mgovernski@willkie.com

Aaron Nathan
anathan@willkie.com

                                                    */s/ Linda R. Stahl*
                                                    Linda R. Stahl