# EXHIBIT B

| | |
|---|---|
| From: | Bender, Kristin |
| Sent: | Friday, June 20, 2025 10:31 AM |
| To: | Tamar Yeghiayan; Brian Turnauer; lstahl@carterarnett.com |
| Cc: | Roeser, Stephanie; Taustine, Melissa |
| Subject: | RE: Follow-up on Kalantari and Skyline |

Thanks, Tamar.

Notwithstanding your description below, it has always been our position that the services Skyline is providing are not encompassed within any protection or privilege. We have previously provided you caselaw in support of our positions, and you have failed to provide any caselaw in return for the position that invoices or engagement letters are encompassed in any privilege or protection. We had also raised at least two entries that would be appropriate to provide more information on, which you are declining to do. We understand that there will be no further modifications to the privilege log.

Additionally, thank you for confirming Ms. Kalantari's position vis a vis TAG. We understand that we are at an impasse at to Request Nos. 11-13.

Please confirm that Ms. Kalantari will make her complete production by June 27, 2025, six weeks after the May 16, 2025 deadline for compliance.

Best,
Kristin

**From:** Tamar Yeghiayan <tyeghiayan@lftcllp.com>
**Sent:** Thursday, June 12, 2025 4:15 PM
**To:** Bender, Kristin <KBender@willkie.com>; Brian Turnauer <bturnauer@lftcllp.com>; lstahl@carterarnett.com
**Cc:** Roeser, Stephanie <SRoeser@manatt.com>; Taustine, Melissa <MTaustine@willkie.com>
**Subject:** RE: Follow-up on Kalantari and Skyline

**\*\*\* EXTERNAL EMAIL \*\*\***

Kristin,

There are six categories (or set of documents) referenced in the May 30 privilege log. During our meet and confer call, you asked whether we can separate out the first category in the privilege log by date or subject matter, so that you can get a better idea of the communication involved and/or whether counsel was on the entirety of the text communication chain. As noted, this category involves communications by and between Skyline employees, LFTC counsel, and our clients. We agreed to take a look to see if this was possible to separate as you suggested. The subject matter in category one involved the creation of the website at the direction of counsel. As such, in our June 6 email to you, we stated that the no need to separate this text communication out by subject matter or date, as we confirmed that the entire communication was with counsel, and the subject matter did not change. Your June 9 email now states that the mere presence of counsel does not render a conversation privileged (which we do not disagree with), but you are now stating that you disagree that Skyline building a website in furtherance of a litigation and at the direction of counsel, is not. Please provide case law that supports your position.

1

As to the LinkedIn page that you sent and your belief that Kalantari is an employee at The Agency Group, PR ("TAG"), she is not. Kalantari has not, nor has she ever been an employee of TAG. Her LinkedIn page states that she is the 'Chief Marketing Officer' for Skyline Agency from 2011 to the present. It also states that she is the 'Head of Digital' for TAG from August 2024 to the present, but she is still not an employee. Kalantari is the 'Head of Digital' through Skyline, and TAG has retained the services of Skyline for this position.

As to Request No. 6, so long as we can agree that there is no admission being made from a non-party, Kalantari, she will supplement her response.

Without you providing any supporting legal authority or analysis as to how a third party can be required to produce private phone information, including records and/or billing, we are at an impasse with Request No. 11-13.

Please let us know if you would like to discuss the privilege log further. If not, we will supplement Request No. 6, 8, and 10, and search for any responsive communications or documents, if any.


Tamar Yeghiayan, Esq.
LINER FREEDMAN TAITELMAN + COOLEY, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone:  (310) 201-0005
Direct: (310) 201-4282
Facsimile:  (310) 201-0045
Web:  www.lftcllp.com

*Please note that LFTC's domain name has changed from FTLLP.com to LFTCLLP.com.  Emails sent from this domain are not spam.*

---

**From:** Tamar Yeghiayan
**Sent:** Tuesday, June 10, 2025 2:05 PM
**To:** Bender, Kristin <KBender@willkie.com>; Brian Turnauer <bturnauer@lftcllp.com>; lstahl@carterarnett.com
**Cc:** Roeser, Stephanie <SRoeser@manatt.com>; Taustine, Melissa <MTaustine@willkie.com>
**Subject:** RE: Follow-up on Kalantari and Skyline

Hi Kristin,

We will provide a response tomorrow. Both Brian Turnauer and I are in depositions these two days.


Tamar Yeghiayan, Esq.
LINER FREEDMAN TAITELMAN + COOLEY, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone:  (310) 201-0005
Direct: (310) 201-4282
Facsimile:  (310) 201-0045

2

Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from FTLLP.com to LFTCLLP.com.  Emails sent from this domain are not spam.*

---

**From:** Bender, Kristin <KBender@willkie.com>
**Sent:** Monday, June 9, 2025 7:27 AM
**To:** Tamar Yeghiayan <tyeghiayan@lftcllp.com>; Brian Turnauer <bturnauer@lftcllp.com>; lstahl@carterarnett.com
**Cc:** Roeser, Stephanie <SRoeser@manatt.com>; Taustine, Melissa <MTaustine@willkie.com>
**Subject:** RE: Follow-up on Kalantari and Skyline

Hi Tamar,

I hope you had a nice weekend.

With respect to Skyline, the mere presence of an attorney on correspondence does not necessarily make that correspondence privileged, which is why we have maintained, since our first conversation about the privilege log on May 22 (prior to your amendment of the initial deficient privilege log), that Skyline should separate out texts on the lengthiest chains, such as by conversation, to allow for reasonable assessment of the privilege. *See Varo, Inc. v. Litton Systems, Inc.*, 129 F.R.D. 139, 142 (N.D. Tex. 1989) ("Similarly, the mere existence of an attorney-client relationship or the mere exchange of information with an attorney does not give rise to a presumptive claim of privilege."). However, more significantly, we do not agree that Skyline's "instruct[ion] by a law firm to assist in procuring and posting publicly available documents on a website" is encompassed by any privilege or protection that would keep the logged documents from production. We understand this to be a fundamental disagreement that the parties will be unable to mutually resolve.

As to Ms. Kalantari, please see the attached LinkedIn profile. We do not understand how Ms. Kalantari had and has no employment history with TAG, given that her own LinkedIn profile identifies her as "Head of Digital" for TAG from August 2024 to the present. We first raised this issue on our May 22 call, and are concerned that your client has misrepresented her employment/affiliations to you.  Please confirm with your client her past and present relationship with TAG and convey that information to us by email by the end of the day tomorrow, June 10.

We duly note Ms. Kalantari's modifications to her responses and objections, and also note for the avoidance of doubt that the subpoena's definition of "Digital Campaign" is broader than the conduct you described. We understand that the review will encompass a good-faith search in connection with the full ambit of Request No. 6 and the definition of "Digital Campaign," but let us know if that is not the case. As to Request Nos. 11-13 we understand that we have reached an impasse.

Please confirm by tomorrow, June 10, that Ms. Kalantari will make her complete production in connection with the Subpoena (except for Request Nos. 11-13 as addressed above) by Tuesday, June 17.

Regards,
Kristin



**Kristin Bender**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1245 | Mobile: +1 703 732 4995
kbender@willkie.com | vCard | www.willkie.com bio

3

**From:** Tamar Yeghiayan <tyeghiayan@lftcllp.com>
**Sent:** Friday, June 6, 2025 7:42 PM
**To:** Bender, Kristin <KBender@willkie.com>; Brian Turnauer <bturnauer@lftcllp.com>; lstahl@carterarnett.com
**Cc:** Roeser, Stephanie <SRoeser@manatt.com>; Taustine, Melissa <MTaustine@willkie.com>
**Subject:** RE: Follow-up on Kalantari and Skyline

**\*\*\* EXTERNAL EMAIL \*\*\***

Kristin,

First, we previously amended our privilege log to address and clarify your concerns raised. We now understand that you are requesting further segmentation to separate each text message in the chain to identify the date and/or subject, as to the first category in the privilege log. The entire chain and each message in the chain address the same subject, namely, the building of a website at the direction of counsel, and was circulated among the same parties. Since counsel therefore was a sender or recipient of each message in the chain, the entire chain is privileged and there is no reason to separate the messages by date and subject matter as you requested. While we are willing to assess whether such a breakdown is feasible, we note that it would require a significant and disproportionate amount of effort.

Second, with respect to Requests **No. 11–13**, which seek Ms. Kalantari's phone records for the period between May 1, 2024 to the present, we can now confirm that Ms. Kalantari is not, and has never been, a TAG employee. The requests are overbroad, intrusive, and impose an unjustifiable burden on Ms. Kalantari who is a third party. Further, the demand for a third party's personal phone records, without any showing of necessity, relevance, or exhaustion of less intrusive alternatives, is improper and threatens an unwarranted invasion of privacy. There is no legitimate basis for seeking this information from a third party, particularly when the same data, if it exists, is available from the parties to the action.

Third, we stand by our objection that the definition of "Digital Campaign," renders Request No. 6 overboard and unduly burdensome. Further, as we clarified on the call, Skyline was instructed by a law firm to assist in procuring and posting publicly available documents on a website. While such materials may technically fall within the scope of this request, there was no conduct that remotely resembles an effort to "influence, manipulate, amplify, or engage" with any social media algorithms. We have agreed that Ms. Kalantari will amend her response to reflect a good faith search for responsive documents.

Fourth, **Request No. 8** seeks "all documents and communications concerning the "Scenario Planning Document which is attached as Exhibit D to the Lively Complaint." Ms. Kalantari will amend her response to state that she will conduct a search for documents, without admitting, directly or impliedly, the truth of the allegations in the Lively Complaint, as she is a third party to the litigation.

Finally, **Request No. 10** seeks "all documents and communications between [Roza] and any Content Creator concerning the Consolidated Action, Ms. Lively, Mr. Reynolds, any Wayfarer defendant, or the Film." Ms. Kalantari will amend her response to indicate that she will conduct a search for documents.

Please let me if you wish to discuss these issues. If so, we are happy to jump on a call next week.

Reserving all rights.

4

Tamar Yeghiayan, Esq.
LINER FREEDMAN TAITELMAN + COOLEY, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone:  (310) 201-0005
Direct: (310) 201-4282
Facsimile:  (310) 201-0045
Web:  www.lftcllp.com

*Please note that LFTC's domain name has changed from FTLLP.com to LFTCLLP.com.  Emails sent from this domain are not spam.*

---

**From:** Bender, Kristin <KBender@willkie.com>
**Sent:** Wednesday, June 4, 2025 4:44 PM
**To:** Brian Turnauer <bturnauer@lftcllp.com>; Tamar Yeghiayan <tyeghiayan@lftcllp.com>; lstahl@carterarnett.com
**Cc:** Roeser, Stephanie <SRoeser@manatt.com>; Taustine, Melissa <MTaustine@willkie.com>
**Subject:** Follow-up on Kalantari and Skyline


Counsel,

Thank you for our latest meet and confer on Monday, June 2, to discuss Skyline's privilege log and Ms. Kalantari's responses and objections to her subpoena.

As to Skyline, we understand that you were going to confirm whether there will be any additional adjustments to the privilege log, particularly to account for the text messages spanning multiple days. Please advise by the end of the week if you intend to make any further adjustments.

With respect to Ms. Kalantari's responses and objections and our conferrals, Ms. Kalantari already agreed as of May 16 to conduct a reasonable search and produce all relevant, non-privileged documents responsive to Requests 1-5, 7, and 9.  Please produce all non-privileged responsive documents in connection with these requests by next Wednesday.

Additionally, there remains a dispute as to Requests 6, 8, and 10-13 in the Kalantari subpoena.  On Monday's call, you stated that your objection to these Requests was partially due to the subpoena's definition of "Digital Campaign," and also your view that responding would be unduly burdensome on Ms. Kalantari as a third party.

In response, we explained that we understood that Ms. Kalantari was, or is, an employee of TAG, rendering documents and communications in her possession regarding the Digital Campaign and similar issues particularly relevant to Ms. Lively's claims.  You seemed to appreciate that Ms. Kalantari's employment status with TAG would impact the calculus in her obligations to respond to the Subpoena and agreed to confirm her employment history with TAG, although please note that it is also our position that such requests seek relevant information regardless.  Please advise by the end of the week as to Ms. Kalantari's employment history with TAG and if you are standing on the objections to Requests 6, 8, and 10-13, to allow the parties to reach an understanding as to these remaining Requests.

Respectfully,

Kristin

5

**Kristin Bender**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1245 | Mobile: +1 703 732 4995
kbender@willkie.com | vCard | www.willkie.com bio

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.